14-301
*United States v. Allen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fifteen.

PRESENT: ROBERT D. SACK,
　　　　　　 RICHARD C. WESLEY,
　　　　　　 PETER W. HALL,
　　　　　　　　　　 *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

　　　　　　　　　　 *Appellee,*

　　　-v.-　　　　　　　　　　　　　　　　　 No. 14-301

LEWIS ALLEN, AKA CHOC,

　　　　　　　　　　 *Defendant-Appellant.*\*

———————————————————————

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR APPELLANT:        Charles S. Hochbaum, Charles S. Hochbaum, P.C.,
                      Brooklyn, NY, *for Defendant-Appellant Lewis Allen
                      AKA Choc*.

FOR APPELLEE:         Jessica A. Masella, Brian A. Jacobs, Assistant United
                      States Attorneys, *for* Preet Bharara, United States
                      Attorney for the Southern District of New York, New
                      York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Lewis Allen ("Allen") appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York following his guilty plea to one count of using a firearm to commit murder during and in relation to a drug trafficking conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The District Court sentenced Allen to 360 months' imprisonment. He argues that the sentence is substantively unreasonable because the District Court

failed to reduce it by time Allen had already served in connection with a prior federal conviction for participating in a drug trafficking conspiracy.

In reviewing the substantive reasonableness of a sentence, we do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (citing *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). Rather, this Court "set[s] aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Here, the District Court found Allen's prior conviction to be for a separate crime and arrived at his sentence pursuant to the Sentencing Guidelines and the factors set forth under Section 3553(a); we do not find Allen's sentence to be substantively unreasonable.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk